UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00031-LLK

BRIAN L. STEPHENS                                                                                                                PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 14 and 17. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 12].

Plaintiff's sole argument is that the Administrative Law Judge ("ALJ") erred in not analyzing whether his ischemic heart disease satisfies the medical criteria of Section 4.04C of Appendix 1 of the regulations, the so-called Listing of medical impairments. Because the argument is persuasive and the ALJ's findings regarding Listing 4.04C are insufficient for meaningful judicial review, the Court will REMAND this matter to the Commissioner for a new decision.

### Discussion

The ALJ acknowledged that Plaintiff suffers from severe ischemic heart disease ("IHD"). [DN 10-2 at 20]. According to the Listing:

> IHD results when one or more of your coronary arteries is narrowed or obstructed or, in rare situations, constricted due to vasospasm, interfering with the normal flow of blood to your heart muscle (ischemia). The obstruction may be the result of an embolus, a thrombus, or plaque. When heart muscle tissue dies as a result of the reduced blood supply, it is called a myocardial infarction (heart attack).

Listing 4.00E(1).

At the time of the ALJ's decision, Plaintiff had significant narrowing or obstruction in three coronary arteries: 60% narrowing of the right main artery; 50% narrowing of the circumflex branch of the left main artery; 50% narrowing of the left anterior descending (LAD) branch of the left main artery.[1]

Listing 4.04C ("ischemic heart disease") requires a finding of disability when, among other things, the individual has certain percentages of narrowing in certain coronary arteries:

> C. Coronary artery disease, demonstrated by angiography (obtained independent of Social Security disability evaluation) or other appropriate medically acceptable imaging, and in the absence of a timely exercise tolerance test or a timely normal drug-induced stress test, an MC [medical consultant], preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise tolerance testing would present a significant risk to the individual, with both 1 and 2:
>
> 1. Angiographic evidence showing:
>
> a. 50 percent or more narrowing of a nonbypassed left main coronary artery; or
> b. 70 percent or more narrowing of another nonbypassed coronary artery; or
> c. 50 percent or more narrowing involving a long (greater than 1 cm) segment of a nonbypassed coronary artery; or
> d. 50 percent or more narrowing of at least two nonbypassed coronary arteries; or
> e. 70 percent or more narrowing of a bypass graft vessel; and
>
> 2. Resulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living.

Listing 4.04C. The ALJ's decision does not mention Listing 4.04C.

An ALJ must discuss whether a plaintiff satisfies a particular Listing "where the record raises 'a substantial question as to whether [the plaintiff] could qualify as disabled' under a listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)); *see also Reynolds v. Comm'r*, 424 F. App'x 411, 416 (6th Cir. 2011) (remanding for a new

---

[1] Plaintiff's right main artery was stented but, according to Plaintiff, three months later, it showed a "60% in-stent restenosis" and a "60% blockage at the ostium, or origination point from the ascending aorta." [DN 14 at 4]. Angiographic evidence showed narrowing of four branches of the left main artery. *Id.* at 3. Three of the four branches were corrected with bypass surgery. *Id.* However, according to Plaintiff, the circumflex branch, which is a "main branch of the left main coronary artery," was "not bypassed," and it shows a 50% narrowing. *Id.* at 6. Additionally, one of the three bypassed arteries, the "left anterior descending (LAD) branch of the left main coronary artery," became re-obstructed (post-surgery), and it shows a 50% narrowing. *Id.* at 3, 6.

decision because the ALJ's findings regarding whether Reynolds's impairments satisfied Listing 1.04 were inadequate to "facilitate meaningful judicial review").

The Commissioner implicitly concedes (or, at least, does not dispute) that the three narrowings at issue in this case are supported by angiography or other appropriate medically acceptable imaging and further concedes that there is an absence of a timely exercise tolerance test or a timely normal drug-induced stress test.

Plaintiff is silent on the question of whether an "MC [medical consultant], preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise tolerance testing would present a significant risk to the individual" as contemplated by Listing 4.04C. The Commissioner argues that Plaintiff "failed to meet his burden of showing a statement from his medical consultant, opining that exercise tolerance testing would present a significant risk to him." [DN 17 at 9].

In Social Security disability law, "MC" is a term of art. At the state-agency (pre-ALJ) level, the Commissioner makes his initial and reconsideration disability determinations based on cooperation of a "team consisting of an MC [medical consultant] [and/or] a PC [psychological consultant] and a disability examiner (DE) generally makes the disability determination [and] [i]f there is no medical evidence in the file, the DE alone makes the determination." *Bartee v. Comm'r*, No. 16-10083, 2017 WL 1173771, at *2 (E.D. Mich. Mar. 30, 2017). While Plaintiff generally carries the burden of showing that each requirement of the Listing is satisfied, the Commissioner has offered and the Court finds no authority to support that Plaintiff has the burden of obtaining evidence from a member of the Commissioner's own decisionmaking team (the MC, over which Plaintiff has no control and with which he may have had no contact) regarding the risk of exercise tolerance testing.

Next, the parties dispute whether the three narrowings at issue in this case satisfy Listing 4.04C(1)(a) and/or (d).  Importantly, the Listing 4.04C(1)(a) and (d) require that the narrowing be of a "nonbypassed" artery, where "nonbypassed" means:

> … that the blockage is in a vessel that is potentially bypassable; that is, large enough to be bypassed and considered to be a cause of your ischemia.  These vessels are usually major arteries or one of a major artery's major branches.  A vessel that has become obstructed again after angioplasty or stent placement and has remained obstructed or is not amenable to another revascularization is considered a nonbypassed vessel for purposes of this listing.

Listing 4.00E(7)(h).

The ALJ's decision does not mention the term "nonbypassed."  It is not this Court's role in conducting judicial review to decide (and, in any event, the Court is uncomfortable with deciding in the first instance) whether the three narrowings at issue in this case are properly classified as "nonbypassed."[2]

Finally, the parties dispute whether Plaintiff has "very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living" as contemplated by Listing 4.04C(2). The ALJ did find (for Listing 4.02 purposes) that Plaintiff has such limitations.  [DN 10-2 at 22].  However, the Court has no way of gauging the degree to which the ALJ's implicit dismissal of Plaintiff's allegations in his pain, activities of daily living, and adult functional report forms may have been influenced by the ALJ's failure to analyze Listing 4.04C.

### Order

Therefore, because the ALJ's findings regarding Listing 4.04C are insufficient for meaningful judicial review, the Court will REMAND this matter to the Commissioner for a new decision and any further proceedings deemed necessary and appropriate by the Commissioner.

September 22, 2020

*Lanny King, Magistrate Judge*
**United States District Court**

---

[2] Additionally, the ALJ's decision does not mention the term "main," and it is not apparent to the Court whether the circumflex or the left anterior descending (LAD) branch of the left main artery is itself a left "main" coronary artery as contemplated by Listing 4.04C(1)(a).